UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN THOMAS BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15CV1393 JAR |
| | ) | |
| WARDEN UNKNOWN KRUGER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Bailey (registration no. 29511-044), an inmate at McCreary Penitentiary in Pine Knot, Kentucky, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will dismiss several of plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) and the remaining portions of the complaint will be dismissed for improper venue. *See* 28 U.S.C. § 1391(b); 28 U.S.C. § 1406(a).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a copy of an "Inmate Inquiry." Unfortunately, this document does not provide the Court with enough information to see an accounting of the six-month period immediately preceding the submission of his complaint. Accordingly, the Court will assess an initial partial filing fee of $1.00, which is a nominal fee. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at the McCreary Penitentiary in Pine Knot, Kentucky, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Warden Unknown Kruger; Ms. Unknown Carter; Unknown Sheriff of Warren County Missouri; and Unknown U.S. Marshal[1].

Plaintiff claims that from March 9, 2015, through May 4, 2015, plaintiff was held in the Warren County Jail in Warren County, Missouri, under the auspices of the Warren County Sheriff. He claims that during this time period he had limited access to legal materials to fight his criminal charges in federal court. Plaintiff claims this lack of legal materials is the "policy and practice of "defendant Unknown Named Warren County Sheriff with supervisory control over the Warren County Jail." Plaintiff does not state exactly how this lack of legal materials affected his ability to file pleadings in his criminal case, where plaintiff was represented by counsel. *See U.S. v. Bailey*, 4:12CR251 CEJ (E.D. Mo. 2012). However, plaintiff states in a conclusory manner that he believes that the lack of legal materials violated his civil rights.

Plaintiff claims that after resentencing he was incarcerated at FCI Pekin, Illinois, under defendant Warden Kruger. Plaintiff asserts that Warden Kruger knew he was labeled in his prison paperwork as a "white supremacist," and he heard plaintiff voice complaints/grievances against prison staff members. Plaintiff believes his complaints against staff members fall under the First Amendment "freedom of expression," including calling defendant Carter a "worthless N…." during a telephone call with a family member. Plaintiff believes that defendant Carter and defendant Kruger conspired to have his security level increased from "medium custody" to

---

[1] Plaintiff claims that defendants Kruger, Carter and the U.S. Marshal were employees of the United States Government. As a result, plaintiff's claims against these defendants for civil rights violations are more properly brought under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). A claim under *Bivens* involves the same analysis as one arising under 42 U.S.C. § 1983. *Gordon v. Hansen,* 168 F.3d 1109, 1113 (8th Cir. 1999).

"maximum custody" and had him transferred in retaliation to a maximum security prison, McCreary Penitentiary, because he exercised his freedom of speech, freedom of religion (unknown) and right to file grievances. Plaintiff states that upon arriving at McCreary Penitentiary in Pine Knot, Kentucky, he was brutally assaulted by three inmates and ended up in the hospital in Lexington, Kentucky. Plaintiff believes his injuries were the result of defendant Carter's and Kruger's retaliatory actions.

Plaintiff has not made any specific allegations against an Unknown U.S. Marshal, noting only that a U.S. Marshal heard plaintiff "inform Judge Carol Jackson in open court" that he feared for his safety upon returning to the Bureau of Prisons.[2]

Plaintiff seeks compensatory and punitive damages in an amount exceeding $50 million dollars and he seeks a reduced security classification and transfer out of McCreary Penitentiary.

## Discussion

Plaintiff's claim that the Warren County Jail, under the supervisory authority of the Sheriff of Warren County, violated his civil rights because of his lack of access to legal materials fails to state a claim upon which relief may be granted. "To state a claim that a law library or legal assistance program violates [the First Amendment], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). Plaintiff has failed to state that he suffered any actual injury to his legal claims that he was pursuing during the three months he was incarcerated in the Warren County Jail.

---

[2] Because plaintiff has failed to set forth any facts indicating that the U.S. Marshal was directly involved with any violations of his constitutional rights, this defendant will be dismissed from the action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

Moreover, during this time period, plaintiff was represented by counsel. As such, the Court finds this claim is subject to dismissal.[3]

Further, plaintiff's assertions regarding his security level classification increase and place of confinement are not properly brought in a § 1983 action, as "it is well-settled that a challenge to the execution of a sentence is to be brought in a habeas corpus motion under 28 U.S.C. § 2241 in the district of incarceration against the inmate's custodian, not in the district of sentencing." *Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002); *Ramsfield v. Padilla*, 542 U.S. 426, 434-47 (2004); *Bell v. U.S.,* 48 F.3d 1042, 1043-44 (8th Cir. 1995); *Neary v. U.S.*, 998 F.2d 562, 564 n.1 (8th Cir. 1993). Thus, these claims are subject to dismissal, without prejudice, with leave for plaintiff to refile under 28 U.S.C. § 2241 in plaintiff's district court of incarceration.[4]

Having dismissed the claims within the venue of this Court, the Court cannot undertake to review plaintiff's claims against Carter and Kruger for retaliation, as this is not the proper

---

[3] Additionally, the Court notes that plaintiff cannot assert that the Sheriff is liable simply because he was the supervisor of the Warren County Jail. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *Keeper v. King,* 130 F.3d 1309, 1314 (8th Cir. 1997) (noting that general responsibility for supervising operations of prison is insufficient to establish personal involvement required to support liability under § 1983). In the instant action, plaintiff has not set forth any facts indicating that the Sheriff withheld legal materials from him or caused any actual injury to his legal claims. As a result, plaintiff's access to courts claim fails to state a claim upon which relief can be granted.

[4] Plaintiff also admits in his complaint that he failed to exhaust his administrative remedies with regard to his claims against defendants Carter and Kruger. As plaintiff has not exhausted all of his administrative remedies within the Bureau of Prisons prior to filing the present lawsuit, his claims are not properly before this Court. *See Jones v. Bock*, 549 U.S. 199 (2007). Moreover, plaintiff has not <u>fully articulated</u> a reason for his failure to use any administrative remedies within the confines of the BOP, which would suggest that an exception to the exhaustion requirement would be applicable in this case. *See Frango v. Gonzales*, 437 F.3d 726, 728-29 (8th Cir. 2006) (noting exceptions to judicially-created exhaustion requirements). Plaintiff would do well to exhaust his administrative remedies prior to filing his § 2241 claim. *See, e.g., Payne v. Schlink*, 2008 WL 461678 at *2 (W.D. Mo. 2008) (referring inmates to information resolution request form BP-9, and if necessary appealing denial of relief pursuant to Institution Suppl. 1330.13(f)); *see also, United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

venue for reviewing plaintiff's assertions. Plaintiff states that these individuals acted against him in Pekin, Illinois, which is outside of this Court's venue.

A civil rights action under § 1983, or *Bivens*, may "be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). None of the requirements of § 1391(b) are present in this case. As a result, venue does not lie in this district.

Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss . . ." As a result, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for personal service [Doc. #5] is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for injunction [Doc. #3] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his

prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's claims against the Unknown Sheriff of Warren County Missouri and the Unknown U.S. Marshal are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims against Warden Kruger and Ms. Unknown Carter are **DISMISSED** for lack of proper venue pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a). The dismissal of these claims is without prejudice.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of January, 2016.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE